UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK STEIN,<br><br>                 Petitioner,<br><br>        v.<br><br>JAMES SPAULDING,<br><br>                 Respondent. | Case No.  C04-5499FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 3rd  2005** |

   This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  Petitioner is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Dkt. # 42).

OVERVIEW

   Mr. Stein was originally convicted of three counts of attempted murder and one count of burglary in 1989.  (Dkt. # 43, page 5).  He received relief through habeas in1999 and was retried in 2004.  In 2004 the retrial resulted in a conviction for the same counts, three counts of attempted murder and one count of burglary.  (Dkt. # 43, page5).

   Mr. Steins 2004 conviction is on direct appeal.  He brings this action to challenge the fact that a re-trial occurred.  It is Mr. Steins position that the delay in time and alleged misconduct that have occurred in his case prevent a re-trial.  Mr. Stein believes the nine issues he raises to be

REPORT AND RECOMMENDATION
Page - 1

1  exhausted because he presented the issues to the state supreme court in prior actions filed between
2  1988 and 2004 when he was again convicted.

3  PROCEDURAL HISTORY

4  Mr. Stein's petition was filed December 23rd, 2004 after he provided a current address. (Dkt.
5  # 18). The court ordered him to amend his petition to challenge his current conviction. (Dkt. # 19).
6  Mr. Stein did not do so and instead filed an amended petition, a memorandum in support, a list of
7  exhibits, "exceptional circumstances" in support of his petition, and three sets of supplemental
8  materials. (Dkt. # 20 to 26). He then filed another amended petition with similar documents. (Dkt.
9  # 32 to 38).

10  The court reviewed the filings and entered a second order to amend. That order stated:

> On January 21st, 2005 the court entered an order for petitioner to file an amended petition. (Dkt. # 19). That order was entered because petitioner appeared to be challenging prior convictions that have been overturned. (Dkt. # 19). Petitioner was specifically ordered to use the form provided to inmates for the filing of a 28 U.S.C. 2254 petition. (Dkt. # 19, page 6). Petitioner was also informed that information regarding prior convictions that have been overturned is irrelevant. (Dkt. # 19 page 7).
> In response to that order petitioner has filed an amended petition that is not on the form provided by the court. (Dkt. # 20). He has also filed a memorandum in support (Dkt. # 21), a list of exhibits (Dkt. # 22), a document titled exceptional circumstances in support (Dkt. # 23), and first, second, and third, supplements to the exceptional circumstances document, (Dkt. # 24, 25, and 26).
> Review of the pleadings filed shows that petitioner has not followed the court order and is attempting to bring a habeas action that is unexhausted and based on prior convictions that have been overturned. Petitioner states:
>> Petitioner's original 1989 conviction was vacated by order dated February 26th, 1999. The state did not reach the merits of the herein claims because the conviction was vacated and presumably there was no need. Petitioner was retried on the same charges in June 2004 and while actually, innocent, falsely convicted through perjury and other due process violations that can be addressed on appeal. However, in view of the violations presented in this habeas, the June 2004 prosecution should have been prohibited, and the current conviction should be vacated based on the grounds presented herein, separate and apart from any errors in the June 2004 trial. The violations presented in this habeas can not be presented in the pending direct appeal because the issues require the Court to consider facts outside the record. An evidentiary hearing will be required to build an adequate record. Accordingly, your petitioner requests the District Court order his immediate release from unlawful confinement.
>
> (Dkt. # 20, page 3).
> Petitioner is informed that the rules relating to habeas corpus may prevent the

REPORT AND RECOMMENDATION
Page - 2

court from considering his claims. Habeas corpus contains an exhaustion requirement. In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). There is no indication any claim that the June 2004 prosecution was improper has been presented to the any court. Indeed, petitioner admits his conviction is currently on direct appeal. (Dkt. # 20). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Petitioner will need to evaluate his petition and if he believes he can state a valid claim for relief on an exhausted issue he may file a second amended petition. Events from other prior criminal trials are irrelevant. Petitioner obtained the relief he was entitled to when the state court ordered a new trial.

Petition may submit a "Second Amended Petition" if he wishes. If a second amended petition is submitted:
1. The petition will act as a complete substitute for the amended petition.
2. **The petitioner will use the form provided for the filing of 28 U.S.C. § 2254 petitions**.
3. Prior criminal convictions that have been overturned are not relevant.
4. The amended petition must be filed on of before April 22nd, 2005.
5. To the extent that the pleadings filed to date ask for any relief or evidentiary hearing the motions are **DENIED.**
6. Failure to comply with this order will result in a Report and Recommendation that this action be dismissed without prejudice as unexhausted.

(Dkt. # 40).

Mr. Stein has now filed an amended complaint on the form provided by the court, but he has also filed a second amended memorandum, a document entitled "exceptional circumstances", two supplements and a list of exhibits. (Dkt. # 42 to 47).

In these documents petitioner makes it clear that his current conviction is on direct appeal. He contends that his 2004 trial should never have taken place. He also contends the issues raised are exhausted because they were raised in actions he filed prior to his 2004 conviction. Several of Mr. Stein's issues were raised in Stein v. Lucas, 04-5196RBL. Judge Leighton dismissed the petition on July 27, 2004 due to the fact that the claims presented by the petitioner were unexhausted. Judge Leighton determined that the issues were in fact on appeal before the state Court of Appeals, Division II.

Some of Mr. Stein's claims relate to actions taken by the trial court during his first trial in 1989. That conviction was overturned by the Washington State Supreme Court. State v. Stein, 144

REPORT AND RECOMMENDATION
Page - 3

1  Wash. 2d 236, 27 P.3d 184 (2001).   Mr. Stein was again convicted of the same charges on June 16,
2  2004.  That case is now on direct appeal.     In <u>State v. Stein</u>, *supra,* at page 248 the Supreme Court
3  stated as follows: "We remand for a new trial, leaving to the sound discretion of the trial court the
4  question of whether further relief is appropriate under CrR 8.3, or other theories raised in Stein's
5  cross-petition."  The issues raised by Mr. Stein in the petition before the court are unexhausted as
6  they are part of his direct appeal, as per the direction of the State Supreme Court.  Inasmuch as this
7  conviction is now on direct appeal and he has not exhausted any issue, this petition should be
8  **DISMISSED WITHOUT PREJUDICE**.

9  CONCLUSION

10      Based on the foregoing discussion, the court should **DISMISS** this petition **WITHOUT**
11  **PREJUDICE** as unexhausted.  A proposed order accompanies this report and recommendation.
12      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
13  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
14  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
15  appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
16  72(b), the clerk is directed to set the matter for consideration on **June 3rd  2005**, as noted in the
17  caption.

20      Dated this 5th day of May, 2005.

23                  Karen L. Strombom
                    United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4